**2023-1612**

# United States Court of Appeals for the Federal Circuit

CLOUDFLARE, INC.,

*Appellant,*

— v. —

SABLE NETWORKS, INC.,

*Appellee.*

*On Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00909*

## REPLY BRIEF FOR APPELLANT

ANTHONY M. GARZA
STEVEN CALLAHAN
**CHARHON CALLAHAN ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
(214) 521-6400
agarza@ccrglaw.com
scallahan@ccrglaw.com

*Counsel for Appellant*

September 22, 2023

**U.S. Patent No. 8,243,593, claims 9-12, 17, and 18**

9. A machine implemented method for processing a flow, the flow comprising a series of information packets, the method comprising:

    maintaining a set of behavioral statistics for the flow, wherein the set of behavioral statistics is updated based on each information packet belonging to the flow, as each information packet belonging to the flow is processed, regardless of the presence or absence of congestion; and

    computing, based at least partially upon the set of behavioral statistics, a badness factor for the flow, wherein the badness factor provides an indication of whether the flow is exhibiting undesirable behavior.

10. The method of claim 9, wherein the badness factor also provides an indication of a degree to which the flow is behaving undesirably.

11. The method of claim 10, further comprising:

    determining, based at least partially upon the badness factor, a penalty to impose on the flow.

12. The method of claim 11, further comprising:

    enforcing the penalty on the flow.

17. The method of claim 12, wherein determining the penalty comprises:

    determining an increased drop rate to impose on one or more information packets belonging to the flow.

18. The method of claim 17, wherein enforcing the penalty comprises:

    imposing the increased drop rate on the flow such that the information packets belonging to the flow have a higher probability of being dropped than information packets belonging to other flows that do not exhibit undesirable behavior.

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .............................................................................ii

ARGUMENT IN REPLY ................................................................................1

I.     Cloudflare asked the Board to correct Cloudflare's
petition and preserved the issue for appeal ...................................1

II.    Because neither regulation nor statute restricts the
Board's authority to correct IPR petitions, under *Bennett*,
the Board enjoys broad, implicit authority to recognize
and correct errors..........................................................................5

     A.     Section 42.104(c) does not limit the Board's
power to correct ................................................................6

     B.     Neither 35 U.S.C. § 312(a) nor 37 C.F.R. §
42.104(b) address or limit the Board's power to
correct IPR petitions.........................................................8

     C.     Because there is no explicit error-correction
standard, the Court should adopt the *Bennett*
standard ...........................................................................12

III.   Correcting an error in a petition does not add a
contention during trial or otherwise offend the IPR
statute..........................................................................................15

IV.   Because the Board applied incorrect legal standards, the
Court should vacate and remand ...............................................17

V.     In the alternative, the Court should find that the Board
abused its discretion in refusing to correct the petition...............20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*AMC Multi-Cinema, Inc. v. Fall Line Patents, LLC*,
 No. 2021-1051, 2021 WL 4470062 (Fed. Cir. Sept. 30, 2021).............. 18-19

*Bartenwerfer v. Buckley*,
 598 U.S. 69 (2023) ........................................................................7

*Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc.*,
 249 F.3d 1341 (Fed. Cir. 2001) ........................................................18

*Chaffin v. Braden*,
 696 F. App'x 1001 (Fed. Cir. 2017) .....................................................2

*Chamberlain Grp., Inc. v. One World Techs., Inc.*,
 944 F.3d 919 (Fed. Cir. 2018) ...........................................................3

*Facebook, Inc. v. Windy City Innovations, LLC*,
 973 F.3d 1321 (Fed. Cir. 2020) .........................................................4

*Hoffer v. Microsoft Corp.*,
 405 F.3d 1326 (Fed. Cir. 2005) .........................................................18

*In re Bennett*,
 766 F.2d 524 (Fed. Cir. 1985) ........................................... *passim*

*Koninklijke Philips N.V. v. Google LLC*,
 948 F.3d 1330 (Fed. Cir. 2020) ...................................................14, 15

*Koninklijke Philips N.V. v. Google LLC*,
 IPR2017-00447 (PTAB 2017)......................................................15

*Lifestyle Enter., Inc. v. United States*,
 751 F.3d 1371 (Fed. Cir. 2014) ..........................................................2

*Mayne Pharma Int'l Pty. Ltd. v. Merck Sharp & Dohme Corp.*,
 927 F.3d 1232 (Fed. Cir. 2019) ..........................................................8

*Navajo Nation v. United States*,
 501 F.3d 1327 (Fed. Cir. 2007) ......................................................4, 5

*Nike Inc. v. Adidas AG*,
 812 F.3d 1326 (Fed. Cir. 2016) ......................................................4, 5

*Saint Regis Mohawk Tribe v. Mylan Pharm., Inc.*,
   896 F.3d 1322 (Fed. Cir. 2018) ...................................................................7

*Seabed Geosolutions (US) Inc. v. Magseis FF LLC*,
   8 F.4th 1285 (Fed. Cir. 2021) ....................................................................3

*Sec'y, U.S. Dep't of Lab. v. Preston*,
   873 F.3d 877 (11th Cir. 2017) ................................................................3, 4

*Unified Patents Inc. v. Universal Secure Registry LLC*,
   No. IPR2018-00067 (PTAB Mar. 14, 2018) ........................................17, 21

*Warner-Lambert Co. v. Teva Pharms. USA, Inc.*,
   418 F.3d 1326 (Fed. Cir. 2005) ..................................................................3

*Yee v. City of Escondido, Cal.*,
   503 U.S. 519 (1992) ....................................................................................3

## ARGUMENT IN REPLY

Sable recognizes that the Board enjoys *some* power to correct IPR petitions, but argues that the power is categorically limited to typographical and clerical errors. Resp. at 27, 33. Sable cannot justify this categorical limitation. As in *Bennett*, because the IPR statute does not include an explicit error-correction provision, the Board's power to correct is limited by discretion, not by categories. The Court should order that the Board reconsider whether it should exercise its discretion to correct the misplaced arguments in Cloudflare's petition to avoid an unjust result, even if Cloudflare's error was not typographical.

**I.    Cloudflare asked the Board to correct Cloudflare's petition and preserved the issue for appeal**

Sable claims that Cloudflare waived any appellate arguments that were not presented to the Board. Resp. at 19-24. Sable's position fails for three reasons: (i) the Board explicitly denied Cloudflare's request for leave to move to correct the Petition, (ii) litigants can only waive issues, not arguments, and Cloudflare presented the issue to the Board, and (iii) both the Board and Sable received notice of the issue. Cloudflare thus preserved the issue of whether the Board should have corrected the misplaced arguments in the petition, and Cloudflare's arguments addressing that issue are proper.

First, as recognized by the Board, Appx38 n.24, during the proceedings, Cloudflare sought "leave to file a motion to correct the petition to move the

1

arguments regarding claims 17, 18, 37, and 38 into Ground 2[.]" Appx562 n.16.[1] The Board denied leave to file the motion because Cloudflare "cannot add a contention to the Petition during trial." Appx38 n.24. Sable does not argue that the Board abused its discretion or otherwise overstepped its authority in considering (and denying) Cloudflare's requested correction. Because the Board "actually decided" the issue, Cloudflare may challenge the Board's ruling on appeal. *Lifestyle Enter., Inc. v. United States*, 751 F.3d 1371, 1377 (Fed. Cir. 2014) ("[A] party may raise on appeal any issue that was raised **or** actually decided below.") (emphasis added); *see also Chaffin v. Braden*, 696 F. App'x 1001, 1006 (Fed. Cir. 2017) (same). Sable's argument to the contrary (Resp. at 19-24) fails to cite to or address Cloudflare's explicit request for correction (Appx562 n.16), the Board's resolution of that request (Appx38 n.24), or the case law cited above, and thus fails to establish waiver.[2]

---

[1] This was <u>not</u> Cloudflare's *only* argument below—Cloudflare's lead argument did not invoke the Board's power to correct IPR petitions. Appx561 (because "the petition here includes every argument necessary to show that claims 17, 18, 37, and 38 are obvious over the combination of Yung and Copeland[,]" the Board should "rel[y] on common sense and logic to understand the contentions presented in [the] petition despite typographical errors."); *see also* Resp. at 20-21 (oral argument). Cloudflare nevertheless explicitly requested, in the alternative, that the Board correct Cloudflare's misplaced arguments. Appx562 n.29. The Board considered and denied this requested relief. Appx38 n.24.

[2] Sable's Statement of Facts also ignores Cloudflare's request for correction and the Board's resolution. Resp. at 9, 12-13.

Second, Cloudflare has not raised any new issues. Cloudflare's argument on appeal focuses on the Board's failure to correct the petition and cites to new cases for support. *See* Br. at 26-34. Despite the refined argument, Cloudflare raised the controlling issue (whether the Board should have corrected the misplaced arguments in Cloudflare's petition) (Appx562 n.16), and the Board squarely addressed it (Appx38 n.24). The controlling issue has not changed on appeal. As a result, Cloudflare did not waive this issue:

> Parties can most assuredly waive positions and issues on appeal, but not individual arguments—let alone authorities. Offering a new argument or case citation in support of a position advanced in the district court is permissible—and often advisable. (Were the rule otherwise, we could never expect the quality and depth of argument to improve on appeal—an unfortunate result.).

*Sec'y, U.S. Dep't of Lab. v. Preston*, 873 F.3d 877, 883 n.5 (11th Cir. 2017) (citation omitted); *see Chamberlain Grp., Inc. v. One World Techs., Inc.*, 944 F.3d 919, 925 (Fed. Cir. 2018) (in determining waiver in context of IPR oral arguments, "[p]arties are not barred from elaborating on their arguments on issues previously raised.").[3] In sum, Cloudflare asked the Board to correct the

---

[3] *See also Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534-35 (1992) ("Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below."); *Seabed Geosolutions (US) Inc. v. Magseis FF LLC*, 8 F.4th 1285, 1289 (Fed. Cir. 2021) (new arguments and intrinsic-evidence citations supporting original claim construction not waived); *Warner-Lambert Co. v. Teva Pharms. USA, Inc.*, 418 F.3d 1326, 1338 n.11 (Fed. Cir. 2005) (specific enablement arguments not waived when "general issue of enablement" raised in trial court);

petition and thus preserved that *issue* for appeal. Appx562 n.16; *Preston*, 873 F.3d at 883 n.5.

Finally, there is no question that all parties were "fairly put on notice as to the substance of the issue," which undercuts waiver. *Navajo Nation v. United States*, 501 F.3d 1327, 1337-38 (Fed. Cir. 2007) *reversed on other grounds by United States v. Navajo Nation*, 556 U.S. 287 (2009) (citation omitted).[4] In its institution decision, the Board noted Cloudflare's misplaced arguments and questioned whether the Board "should consider the Petition to include a contention that the subject matter of claims 17, 18, 37, and 38 would have been obvious over the combination of Yung and Copeland." Appx357. In response, Sable introduced the issue Cloudflare advances on appeal, arguing that "the Board is not empowered to correct[]" the noted errors. Appx491-492; *see also* Resp. at 8-9. In reply, Cloudflare argued that formal correction was not necessary, but nevertheless requested leave to file a motion to correct the petition. Appx562 n.16. At oral argument, the Board questioned Sable about the Board's

---

*cf. Facebook, Inc. v. Windy City Innovations, LLC*, 973 F.3d 1321, 1332 n.7 (Fed. Cir. 2020) (appellee preserved issue of the "right to challenge the Board's joinder decisions").

[4] *See also Nike Inc. v. Adidas AG*, 812 F.3d 1326, 1342 (Fed. Cir. 2016), *overruled on other grounds by Aqua Prods., Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. 2017) ("An issue is preserved for appeal, however, so long as it can be said that the tribunal was fairly put on notice as to the substance of the issue.") (citation and quotation omitted).

power to correct Cloudflare's misplaced arguments. Appx672-673, Appx676.

Sable responded that the Board should recognize only a limited power to correct

IPR petitions, arguing that the Board should use the standard governing certif-

icates of correction as a guide. Appx673. Because Sable and the Board were

both on notice and discussed the issue of whether the Board had the power to

correct Cloudflare's misplaced arguments (and whether the Board should cor-

rect those arguments), the Court should not find that Cloudflare waived the is-

sue. *Navajo Nation*, 501 F.3d at 1337-38; *Nike*, 812 F.3d at 1342.

## II. Because neither regulation nor statute restricts the Board's authority to correct IPR petitions, under *Bennett*, the Board enjoys broad, implicit authority to recognize and correct errors

Sable does not argue that the Board is *powerless* to correct errors in IPR

petitions. Instead, Sable argues a limitation on that power untethered to the text

of any statute—that the Board has the authority to correct *only* clerical or typo-

graphical errors, Resp. at 27, and does *not* have the authority to correct "sub-

stantive" errors, Resp. at 33.[5] Sable cannot legislate on Congress' behalf.

---

[5] Although Sable proposes a dichotomy between "typographical/clerical" er-
rors, on one hand, and "substantive" errors, on the other, the dichotomy is false
because some errors straddle both categories. Both typographical and clerical
errors may affect the substance of an invalidity argument in a petition. For ex-
ample, a litigant may inadvertently delete a page from the PDF (a clerical error)
in the middle of its invalidity analysis, leading to a substantively incomplete
analysis. A litigant might mistype the numbers of the claims it challenges or the
patent numbers that it relies on (a typographical error), leading to a substan-
tively incorrect invalidity challenge. Because the world of errors cannot be

Because Congress declined to enact a statute limiting the Board's power to correct IPR petitions, there is no basis for the Court to find that the Board enjoys the power to correct *only* clerical or typographical errors.

Sable cites to 35 U.S.C. § 312(a), 37 C.F.R. § 42.104(b), and 37 C.F.R. § 42.104(c) as supporting its argument, but these statutes and regulations do not purport to prevent the Board from correcting non-typographical or non-clerical errors. Resp. at 27, 34, 42. Further, the Court should find that *Bennett*'s holding (i.e., that the Board enjoys implicit, discretionary power to correct even though no statute specifically addresses that power) extends to IPRs, despite Sable's argument to the contrary. *See In re Bennett*, 766 F.2d 524, 527 (Fed. Cir. 1985) (en banc). As in *Bennett*, because there is no statute limiting the Board's power to correct, the Board has broad, implicit authority to correct errors in petitions.

### A.    Section 42.104(c) does not limit the Board's power to correct

By its terms, § 42.104(c) does not use terms that *limit* the Board's power to correct; instead, the regulation *allows* the correction of two types of errors on motion.[6] The regulation does not address (or prevent) the Board considering

---

cleanly divided between "typographical/clerical" errors and "substantive" errors, the Court should refuse to adopt Sable's proposed legal distinction between these categories.

[6] "A motion may be filed that seeks to correct a clerical or typographical mistake in the petition. The grant of such a motion does not change the filing date of the petition." 37 C.F.R. § 42.104(c).

other types of errors or considering errors *sua sponte*.[7] Further, the patent statutes only limit the types of errors that the Patent Office can correct in certain circumstances, such as the statute governing the reissue of patents and the statute governing certificates of correction. The Board cannot carry over those statutory limits to a separate context (IPRs) through regulation. *See Bartenwerfer v. Buckley*, 598 U.S. 69, 78 (2023) ("[W]hen Congress includes particular language in one section of a statute but omits it in another section of the same Act, we generally take the choice to be deliberate.") (citations and quotations omitted); Br. at 32-33. As a result, the Court should reaffirm that § 42.104(c) does not limit the Board's power to correct IPR petitions.

Sable mistakenly suggests that this Court has already concluded that, in an IPR, "the petitioner may only make clerical or typographical corrections to its petition." Resp. at 27 (citing *Saint Regis Mohawk Tribe v. Mylan Pharm., Inc.*, 896 F.3d 1322, 1328 (Fed. Cir. 2018)). But *Saint Regis* did not attempt to resolve that question—that case recognized only the <u>Board's</u> reliance on 37 C.F.R. § 42.104(c) to reach that conclusion. *Saint Regis*, 896 F.3d at 1328; *see also* Br. at 31-32 (collecting cases). As noted in Cloudflare's opening brief, the

---

[7] Sable's Response (at 25 n.4) admits that "it should not matter whether the Board *sua sponte* raises a question as to whether a petition contains an error." This admission implicitly concedes that § 42.104(c) does not limit the Board's power to correct, because that section requires correction by motion.

Court reached the opposite conclusion in *Mayne Pharma*. Br. at 33 (citing *Mayne Pharma Int'l Pty. Ltd. v. Merck Sharp & Dohme Corp.*, 927 F.3d 1232, 1240 (Fed. Cir. 2019) ("[W]e are unpersuaded that § 42.104(c) provides the exclusive means for correcting a petition.")). Sable declined to address or distinguish *Mayne Pharma*, conceding the point.

Given *Mayne Pharma* and the plain language of the regulation, the Court should find that § 42.014(c) does not categorically limit the Board's power to correct IPR petitions to only typographical and clerical errors.

### B.    Neither 35 U.S.C. § 312(a) nor 37 C.F.R. § 42.104(b) address or limit the Board's power to correct IPR petitions

Sable also cites 35 U.S.C. § 312(a) and 37 C.F.R. § 42.104(b), but neither addresses the Board's power to correct, either explicitly or implicitly. Section 312(a) describes the technical requirements for an IPR petition, but does not address the power to *correct* those petitions:

> (a) Requirements of Petition.—A petition filed under section 311 may be considered only if—
>
> (1) the petition is accompanied by payment of the fee established by the Director under section 311;
>
> (2) the petition identifies all real parties in interest;
>
> (3) the petition identifies, in writing and with particularity, each claim challenged, the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the challenge to each claim, including—(A) copies of patents and printed publications that the petitioner relies upon in support of the

petition; and (B) affidavits or declarations of supporting evidence and opinions, if the petitioner relies on expert opinions;

(4) the petition provides such other information as the Director may require by regulation; and

(5) the petitioner provides copies of any of the documents required under paragraphs (2), (3), and (4) to the patent owner or, if applicable, the designated representative of the patent owner.

Section 42.104(b) similarly describes the content of a petition, without discussing limits on the Board's power to *correct* those petitions:

(b) Identification of challenge. Provide a statement of the precise relief requested for each claim challenged. The statement must identify the following:

(1) The claim;

(2) The specific statutory grounds under 35 U.S.C. 102 or 103 on which the challenge to the claim is based and the patents or printed publications relied upon for each ground;

(3) How the challenged claim is to be construed. Where the claim to be construed contains a means-plus-function or step-plus-function limitation as permitted under 35 U.S.C. 112(f), the construction of the claim must identify the specific portions of the specification that describe the structure, material, or acts corresponding to each claimed function;

(4) How the construed claim is unpatentable under the statutory grounds identified in paragraph (b)(2) of this section. The petition must specify where each element of the claim is found in the prior art patents or printed publications relied upon; and

(5) The exhibit number of the supporting evidence relied upon to support the challenge and the relevance of the evidence to the challenge raised, including identifying specific portions of the evidence that support the challenge. The Board may exclude or give no weight to the evidence where a party has failed to state its

relevance or to identify specific portions of the evidence that support the challenge.

In contrast, the portions of the patent statute intended to restrict the Patent Office's power to correct do so explicitly. For example, 35 U.S.C. § 255 specifies that the Patent Office may only correct three types of error by certificate of correction, on a showing of good faith:

> Whenever **a mistake of a clerical or typographical nature, or of minor character, which was not the fault of the Patent and Trademark Office,** appears in a patent **and** a showing has been made that **such mistake occurred in good faith,** the Director may, upon payment of the required fee, issue a certificate of correction, if the correction does not involve such changes in the patent as would constitute new matter or would require re-examination.

(emphases added). 35 U.S.C. § 251 only allows correction through reissue after a particular type of error is found, and prohibits the reissue from introducing "new matter":

> Whenever any patent is, **through error**, deemed wholly or partly inoperative or invalid, **by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent,** the Director shall, on the surrender of such patent and the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application, for the unexpired part of the term of the original patent. No new matter shall be introduced into the application for reissue.

(emphases added). Unlike 35 U.S.C. §§ 251 and 255, neither 35 U.S.C. § 312(a) nor 37 C.F.R. § 42.104(b) delimit or address the type of errors that the Board

may correct. The Court should thus decline to find that either 35 U.S.C. § 312(a) or 37 C.F.R. § 42.104(b) affect the Board's power to correct an IPR petition.

Sable further argues that the Board's power to correct petitions is limited by category: the Board may correct *some* types of errors (clerical and typographical errors) and cannot correct others (substantive errors). Resp. at 27, 33. But there is no textual hook in either § 312(a) or § 42.104(b) for this distinction. Neither section mentions error, let alone delimits distinctions between clerical and substantive errors. As such, these sections are too blunt to carve Sable's precise distinctions. If either § 312(a) or § 42.104(b) prohibited the correction of errors, that section would prohibit the correction of *all* errors.[8] Because Sable admits that the Board may correct some errors, the Court should find that neither 35 U.S.C. § 312(a) nor 37 C.F.R. § 42.104(b) affect the Board's power to correct an IPR petition.

---

[8] For example, Sable argues that, because 35 U.S.C. § 312(a)(3) requires an IPR petition to identify the grounds upon which a claim is challenged, the section implicitly does not allow the Board to correct a substantive error which would "insert[] an argument that dependent claims 17, 18, 37, and 38 are obvious under ground 2[.]" Resp. at 34. But if § 312(a)(3) wholly prevented changes to the "identif[ication of] the grounds on which [a claim is] challenge[d]," then the Board would also lack the power to correct a typographical or clerical error that affected the petition's identification of the challenged claims and the grounds thereon, whether that error was the mistyping the claim numbers, patent numbers, the identification of the prior-art reference, or any other conceivable similar error. The statute does not address error at all, and thus applies to all categories of errors in the same way.

**C.    Because there is no explicit error-correction standard, the Court should adopt the *Bennett* standard**

As noted in the Opening Brief, this is not the first time the Court has considered the Patent Office's power to correct in the absence of an explicit error-correction statute. For the reasons stated there (Br. at 28-29), on *de novo* review of this legal issue, the Court should find that the reasoning from *Bennett* (and *Stoddard*) leads to the same conclusion here—the Board enjoys a broad, implicit power to correct IPR petitions to obtain just results. Even though *Bennett* predates IPRs, the material factual underpinnings of that case are present here: the patent statute authorizes a procedure (there, reissue proceedings, here, IPRs) but does not expressly specify whether (or to what extent) the patent office may correct applications/petitions. Despite Sable's argument to the contrary, Resp. at 38 (*Bennett*'s "principles of equity and fairness . . . do not apply here"), the Board seeks "just" resolution of every proceeding, 37 C.F.R. § 42.1(b), and extending *Bennett* to IPR petitions furthers that goal.

Sable argues that the Court should refuse to extend *Bennett* to IPRs. Resp. at 37. Sable nevertheless does not dispute *Bennett*'s conclusion that the Patent Office has at least *some* power to correct petitions despite the lack of a statute authorizing such correction. Resp. at 27 ("[T]he Board, on motion, can correct clerical or typographical mistakes in the petitions."). In *Bennett*, the Patent Office claimed that it had <u>no</u> power to correct (there, a reissue application)

12

because the patent statute *did not authorize* (or address) that power. If *Bennett* did not apply to this case, as Sable argues, the Court would have to conclude that the Patent Office has *no* power to correct IPR petitions because the statute did not affirmatively provide that power. Sable does not go that far. Sable instead admits that the statute implicitly allows for *some* correction, namely, the correction of typographical and clerical errors. Sable thus agrees that the core holding of *Bennett* applies to IPRs: the Patent Office enjoys at least *some* power to correct IPR petitions even though the IPR statute does not explicitly grant or address that power.

Again, Sable argues that the *scope* of the Board's implicit power to correct should be limited by category (to typographical and clerical errors only). Resp. at 27, 33. But, as noted by Cloudflare, when considering *explicit* powers to correct, the Court has carefully compared the statute to the power exercised to determine whether the correction fits within statutory bounds. *See* Br. at 23-26 (citing *American Signature*, *Helfgott*, *Serenkin*, and *Superior Fireplace*). But in the instant case, as in *Bennett*, there is no power-to-correct statute to parse—i.e., there is nothing in the IPR statute that grants, limits, or affects the Board's power to correct IPR petitions. Because Congress has not addressed or limited the Board's power to correct, the Board's implicit power is not bounded by rigid categorization, but by equity: the Board has "the occasional burden of

13

exercising discretion to avoid an unjust result." *In re Bennett*, 766 F.2d 524, 527 (Fed. Cir. 1985) (en banc). Imposing a one-size-fits-all limit on the Board's implicit power to correct IPR petitions (such as Sable's insistence that the Board may only correct typographical and clerical errors, as in 35 U.S.C. § 255) effectively imposes legislation in Congress' stead.[9] Further, the Board recognizes its ability to waive its own regulations, excuse late actions, and act in the absence of regulations,[10] further supporting a finding that the Board has broad discretion to correct petitions.[11]

Finding that the Board's power to correct IPR petitions extends beyond typographical and clerical errors would not undermine *Sirona Dental*, *PGS Geophysical*, *Magnum*, *Koninklijke Philips*, or *Apple*. Each of these cases stands for the proposition that the scope of an IPR is defined by the petition, and that the statute requires the petition to identify the grounds on which the petition challenges the patent. None of these cases deals with the situation here, where the petitioner has requested that the board *correct* the petition *before*

---

[9] Sable admits that 35 U.S.C. § 255 does not govern the Board's power to correct. Resp. at 46.

[10] *See* 37 C.F.R. § 42.5(a)-(c).

[11] Despite Sable's argument to the contrary (Resp. at 39), the evident, broad discretion afforded the Board in the IPR statute *reinforces* the application of *Bennett* here. Absent a statute or regulation cabining the Board's power, the Board has broad discretion in determining whether to correct an IPR petition, as with other aspects of the IPR process.

14

determining the grounds raised therein.[12] Here, if the Board had corrected the
placement of Cloudflare's argument, Cloudflare's petition would have included
the requested argument. Cloudflare's petition only failed *Sirona Dental* because
the Board refused to correct Cloudflare's petition. In other words, finding that
the Board has a broader power to correct errors in IPR petitions than the Board
has heretofore recognized does not undermine the Court's rulings in *Sirona
Dental*, *PGS Geophysical*, *Magnum*, *Koninklijke Philips*, or *Apple*, as those
cases did not implicate the scope of the Board's power to correct.

## III.    Correcting an error in a petition does not add a contention during trial or otherwise offend the IPR statute

Sable argues that correcting a "substantive error" during the life of an
IPR is "tantamount to the Board supplying grounds for challenging claims that
were not identified in the petitions as filed." Resp. at 32. Similarly, the Board

---

[12] Sable argues that *Koninklijke Philips* and *Apple* involved "analogous situations where the Board could not correct substantive errors in petitions for *Inter Partes* Review." Resp. at 32. But neither case addressed the Board's power to correct substantive errors in petitions. In *Koninklijke Philips*, the Court found that the Board lacked the power to add an additional ground to the petition. *Koninklijke Philips N.V. v. Google LLC*, 948 F.3d 1330, 1336 (Fed. Cir. 2020). The Board did not purport to add this additional ground to correct an error, but instead did so in response to the patent owner's argument that the petitioner was improperly relying on a reference (Hua) to show the knowledge of a person of ordinary skill in the art. *Koninklijke Philips N.V. v. Google LLC*, IPR2017-00447, Paper 7, at 18 (PTAB 2017). Further, as explained in the Opening Brief (at 18-19), the *Apple* petitioner did not request that the Board correct the petition, and *Apple* thus does not address the Board's power to correct IPR petitions.

15

held here that correcting Cloudflare's error would "add a contention to the petition during a trial." Appx38 n.24. Both the Board and Sable mistakenly conflate a correction with an amendment. To *correct* presupposes addressing an existing error, i.e., restoring a document to what was intended at the time of filing. To *amend* or to *add* to a petition, in contrast, expands or changes the document from what was intended at the time of filing. Cloudflare does not claim that the Board's power to correct extends beyond addressing unintended errors present at the time of filing.

Correcting an unintended error in a petition does not amend the petition or restart the statutory clock. Instead, as in *Bennett*, the correction is restored to the original filing, and is effective as of the date of the filing. 766 F.2d at 526 (reversing PTO for concluding that correcting a petition after the two-year deadline offended the statute even though the original, uncorrected petition was timely filed). New contentions are not added to a petition during trial when the Board exercises its implicit power to correct unintended errors present at filing, whether typographical, substantive, or an obvious error like Cloudflare's. Further, the Board's implicit power to correct errors is governed and informed by considerations of fairness. *Bennett*, 766 F.2d at 527. If correcting an error as of the date of filing would work undue prejudice on the Patent Owner, the Board retains discretion to refuse to correct the error on that basis, limit the scope of

the correction, modify the trial schedule, or otherwise address claimed prejudice. *See*, *e.g.*, *Unified Patents Inc. v. Universal Secure Registry LLC*, No. IPR2018-00067, Paper 11, at 5-6 (PTAB Mar. 14, 2018) (allowing a patent owner to supplement its preliminary response to address claimed prejudice resulting from a proposed correction to an IPR petition).

Sable does not suggest that the Board contravenes the statute by correcting *typographical* errors in an IPR petition effective as of the date of filing. *See* Resp. at 33; 37 C.F.R. § 42.104(c) ("The grant of [a motion to correct a typographical or clerical error in an IPR petition] does not change the filing date of the petition."). As noted above, § II(B)-(C), there is no basis in the statute to distinguish between "typographical" errors and other categories of errors. If the Board can correct typographical errors without resetting deadlines or treating a petition as newly filed, the Board may (exercising its discretion) address other errors in the same way.

## IV. Because the Board applied incorrect legal standards, the Court should vacate and remand

Sable and Cloudflare agree that the Board believes that its power to correct petitions is limited to typographical and clerical errors. Br. at 31 (collecting cases), Resp. at 33. Sable further admits (and Cloudflare agrees) that the Board declined to correct Cloudflare's petition because Cloudflare's error was not "typographical." Resp. at 33; Br. at 30. The Board applied an incorrect legal

17

standard. On *de novo* review, pursuant to *Bennett*, the Court should (i) hold that the Board's power to correct IPR petitions is not limited to typographical or clerical errors (despite § 42.104(c)) and (ii) instruct the Board to reconsider whether it should exercise its discretion to correct the misplaced arguments in Cloudflare's petition to avoid an unjust result, even if Cloudflare's error is not "typographical." As in other contexts, when exercising its discretion, the Board should consider the nature of the error (such as whether the error is obvious or "apparent to [an] interested reader),[13] and the interests of fairness and prejudice.[14] The Court should also instruct that, if the Board exercises its discretion to correct Cloudflare's error, the correction is effective as of the time of the filing of Cloudflare's petition, and does not "add a contention to the petition during trial." Appx38 n.24.

Because the Board applied the wrong legal standards in determining whether to correct the petition, the Court should remand so that the Board can reconsider the issue under the correct standard. *See AMC Multi-Cinema, Inc. v.*

---

[13] *See Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc.*, 249 F.3d 1341, 1348 (Fed. Cir. 2001).

[14] *See Biotec*, 249 F.3d at 1348 (considering whether it would be "unfair" to enforce the error); *Bennett*, 766 F.2d at 527 (patent office should balance consistency with fairness, exercising discretion to avoid unjust results); *Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1331 (Fed. Cir. 2005) (absence of prejudice supports correction of apparent error in dependent claim).

*Fall Line Patents, LLC*, No. 2021-1051, 2021 WL 4470062, at *8 (Fed. Cir. Sept. 30, 2021) (remand appropriate to reconsider evidence under correct legal standard).

Sable argues that, even if the Board applied the wrong legal standard, the Court should affirm the Board's decision because "the record does not support Cloudflare's characterization of the petition's error as obvious." Resp. at 49. As a threshold matter, Sable does not address *AMC* or provide any other authority showing that the Court should consider the cited record evidence in the first instance under the correct legal standard. Under *AMC*, the Board should have an opportunity to reconsider evidence under the correct legal standard.

Even if the Court were to weigh the evidence, Sable's evidence does not negate Cloudflare's showing of an obvious or otherwise correctable error. Essentially, Sable argues (Resp. 49-51) that, because Cloudflare's error went unnoticed by many lawyers, the error cannot be obvious or otherwise eligible for discretionary correction. But the fact that an error goes *unnoticed* does not suggest anything about the error—no error (whether typographical, clerical, obvious, substantive, or non-substantive) can be corrected until it is *noticed*. Here, once the Board noticed the error, the error was plain and obvious (as noted in the Board's Order). Appx356-357. Any competent patent attorney, when put on notice, would understand the obvious, non-sequitur nature of the *Yung*-only

arguments for the dependent claims at issue, given the claim structure of the patent and the arguments in the petition, for the reasons (and supporting evidence) in Cloudflare's Opening Brief. Br. 12-14; *see also* Br. at 34 & n. 21 (evidence showing the Board and Sable understood the error); *see also* Appx208-209 (Sable arguing that its attacks on *Copeland* affect claims 9-24 and 29-44 (which include the claims at issue: 17-18 and 37-38)), Appx202, Appx240-244 (ground-two arguments affect claims 17-18 and 37-38).

Attorneys, like all humans, make mistakes. Cloudflare unintentionally misplaced two of its dependent-claim subsections. The mistake went unnoticed by multiple attorneys, but that does not make the mistake unforgivable, not obvious, or ineligible for correction. As a matter of law, the Board has discretion to correct unintentional mistakes in petitions, irrespective of the type of error. *See* Section 2, above. The Board should weigh the evidence cited by both parties, in the first instance, to determine if the Board should exercise its discretion to correct the petition to avoid an unjust result, even if the error is not typographical.

## V.    In the alternative, the Court should find that the Board abused its discretion in refusing to correct the petition

As stated in Cloudflare's Opening Brief, in the alternative, the Court should find that the Board abused its discretion by failing to correct Cloudflare's obvious, clerical error, when Sable cannot show prejudice. *See* Br. at 34-

36 & nn. 21-23. Sable's Response does not identify any prejudice resulting from Cloudflare's proposed correction.

Sable instead responds that the Board's findings were not an abuse of discretion: "it was not an abuse of discretion for the Board to decline to interpret the Petition as including a contention that claims 17, 18, 37, and 38 would have been obvious in view of Yung and Copeland." Resp. at 55. This argument misses the point. On appeal, Cloudflare does not challenge the Board's failure to *interpret* the petition to include the intended arguments. Instead, Cloudflare challenges the Board's failure to *correct* the petition so that the petition clearly included the intended arguments. Simply put, the Board abused its discretion by failing to correct an obvious, clerical error in the petition where Sable would suffer no prejudice from the correction. Br. at 34-36.

Further, Sable does not adequately address Cloudflare's contention (Br. at 35-36) that the error was clerical. Sable responds that the cases that Cloudflare cited before the Board show that Cloudflare's error "is not the sort of typographical or clerical error that is correctable." Resp. at 56. Sable ignores the Board's finding in *Unified Patents*, where the Board found that an error was "clerical" when (like Cloudflare's error) the error "related only to the location of certain discussion within the Petition and not the content of that discussion". *Unified Patents*, No. IPR2018-00067, Paper 11, at 4. Because (i) Cloudflare's

error was clerical in nature and (ii) correcting the error works no prejudice on Sable, the Court should find that the Board abused its discretion by failing to correct the error.

* * * * *

Cloudflare requests that the Court vacate the portion of the Board's decision addressing claims 17-18 and 37-38, remand, and direct the Board to consider whether (i) Cloudflare's error is correctable and (ii) the Board should exercise its discretion to correct the error and proceed to determine if the challenged dependent claims are invalid. In the alternative, the Court should (i) find that the Board abused its discretion in refusing to correct Cloudflare's petition, (ii) direct the Board to correct the placement of the arguments addressing claims 17-18 and 37-38 in Cloudflare's petition, and (iii) remand for a determination of whether those claims are invalidated by the combination of *Yung* and *Copeland*.

Dated: September 22, 2023

Respectfully submitted,

/s/Anthony M. Garza
ANTHONY M. GARZA
STEVEN CALLAHAN
**CHARHON CALLAHAN
ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Cloudflare, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:**  2023-1612

**Short Case Caption:**  Cloudflare, Inc. v. Sable Networks, Inc.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  5,688  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 09/22/2023          Signature:  /s/ Anthony M. Garza

                          Name:  Anthony M. Garza